UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL MOREHEAD                                         CIVIL ACTION

VERSUS                                                   NO. 14-1390

WARDEN ROBERT TANNER                                     SECTION "A"(5)

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED** in part for lack of jurisdiction and in part with prejudice as untimely.

### I.  PROCEDURAL HISTORY

A.  *State courts*

Petitioner, Michael Morehead, is a prisoner incarcerated in the Rayburn Correctional Center in Angie, Louisiana.  Morehead was charged by bill of information with two separate counts: attempted armed robbery and possession of a firearm by a convicted felon.[1]  On May 3, 2000, he was found guilty on count two of being a convicted felon in possession of a firearm by a jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.  However, the jury was deadlocked and unable to reach a verdict on the attempted

---

[1] State Rec., Vol. 1 of 7, Bill of Information (Rec. Doc. 3-2, Exhibit A).

armed robbery count.  On June 8, 2000, Morehead was sentenced on count two to fifteen (15) years imprisonment without benefit of parole, probation or suspension of sentence and fined monetarily as required by statute.[2]  Morehead timely appealed his conviction and sentence, assigning only one error as to the sufficiency of the evidence to support the conviction.   The Louisiana First Circuit Court of Appeal affirmed his conviction and sentence on March 28, 2001.[3] He filed an application for review of that decision in the Louisiana Supreme Court.  The Louisiana Supreme Court ultimately denied the writ application on March 28, 2002.[4]

Meanwhile, the State had elected to retry Morehead for attempted armed robbery.  On September 19, 2000, this second jury found Morehead guilty of attempted armed robbery.[5] On October 18, 2000, he was sentenced to twenty-five (25) years imprisonment without benefit of parole, probation or suspension of sentence, to run concurrently with his other sentence.[6]  The State filed a multiple bill of information.  On November 7, 2000, Morehead admitted the allegations contained in the multiple bill, and the trial court vacated the original sentence and resentenced him as a second felony offender to twenty-five (25) years imprisonment without benefit of parole, probation or suspension of sentence.[7]

---

[2]  State Rec., Vol. 5 of 7, Transcript of sentencing (June 8, 2000), p 3.

[3]  *State v. Morehead*, 2000-KA-1562, 798 So.2d 326 (Table) (La. App. 1st Cir. 2001); State Rec., Vol. 3 of 7 (copy of unpublished opinion).

[4] *State v. Morehead*, 2001-KO-1370 (La. 2002), 812 So.2d 645.

[5] State Rec., Vol. 2 of 7, Trial transcript (September 19, 2000), p. 184; *see also* minute entry of September 19, 2000, State Rec., Vol. 1 of 7.

[6] State Rec., Vol. 1 of 7, Minute entry of October 18, 2000 (Rec. Doc. 3-2, Exhibit A).

[7] *Id.*, Minute entry of November 7, 2000 (Rec. Doc. 3-2, Exhibit A).

Morehead appealed the attempted armed robbery conviction. He asserted that the evidence was not sufficient to support his conviction for attempted armed robbery and challenged the validity of his habitual offender guilty plea. The Louisiana First Circuit Court of Appeal affirmed his conviction, but vacated his habitual offender sentence and remanded the case to the trial court on November 14, 2001.[8] Following a multiple offender adjudication on February 4, 2002, the trial court found Morehead to be a second felony offender and sentenced him on the attempted armed robbery count to twenty-five (25) years imprisonment without benefit of parole, probation or suspension of sentence.[9] Morehead did not pursue a direct appeal of this enhanced sentence.

On July 11, 2002, Morehead filed with the state district court a motion to clarify his sentence, specifically with regard to the concurrent nature of the two sentences.[10] On July 19, 2002, Morehead filed his first application for post-conviction relief with the state district court.[11] In that application, he raised three claims: (1) the trial court erred in not requesting that Morehead waive delays after denying his motion for a new trial on October 18, 2000

---

[8] *State v. Morehead*, 2001-KA-0402 (La. App. 1st Cir. Nov. 14, 2001) (unpublished); copy of opinion at State Rec., Vol. 3 of 7.

[9] State Rec., Vol. 1 of 7, Minute entry of February 4, 2002 (Rec. Doc. 3-2, Exhibit A).

[10] Federal *habeas* courts apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). If that date cannot be gleaned from the state court record with respect to the filings, this Court will use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. State Rec., Vol. 1 of 7, Motion to Clarify.

[11] State Rec., Vol. 1 of 7, Uniform Application for Post-Conviction Relief, signed and dated by Morehead on July 19, 2002 and stamped as filed July 26, 2002.

before sentencing him; (2) the clerk of court and trial court violated Louisiana Code of Criminal Procedure article 465 in connection with the reading of the charge of attempted armed robbery in the bill of information; and (3) the evidence presented at trial was insufficient to support the conviction for attempted armed robbery. On August 20, 2002, the district court granted the motion to clarify and ordered that the sentences were to run concurrently.[12] On August 28, 2002, the district court denied his application for post-conviction relief.[13] On or about September 9, 2002, Morehead filed a related writ application with the Louisiana First Circuit Court of Appeal.[14] On November 18, 2002, the court of appeal denied the application on the showing made for failure to include the necessary documentation.[15] Morehead subsequently filed a new application with the proper documentation in the Louisiana First Circuit.[16] That writ application was denied on February 10, 2003.[17] On April 15, 2003, Morehead filed a related writ application with the Louisiana

---

[12] State Rec., Vol. 1 of 7, Order signed August 20, 2002.

[13] State Rec., Vol. 1 of 7, "Reasons denying post-conviction relief" (August 28, 2002).

[14] State Rec., Vol. 7 of 7, Application for supervisory writ of review No. 2002-KW-1909.

[15] State Rec., Vol. 1 of 7, *State ex rel. Morehead v. State*, 2002-KW-1909 (La. App. 1st Cir. Nov. 18, 2002).

[16] State Rec., Vol. 7 of 7, Morehead's self-styled "New application for supervisory writ of review."

[17] State Rec., Vol. 1 of 7, *State ex rel. Morehead v. State*, 2002-KW-2609 (La. App. 1st Cir. Feb. 10, 2003).

Supreme Court.[18]  The Louisiana Supreme Court denied relief on May 7, 2004.[19]

On December 7, 2004, Morehead filed his second application for post-conviction relief with the state district court.[20]  He asserted five claims: (1) the trial court erred in failing to declare a mistrial upon the reading of the bill of information as to the charge of attempted armed robbery; (2) the State violated Louisiana Code of Criminal Procedure article 700 by its statements as to evidence in opening and closing argument; (3) the trial court erred in allowing inadmissible evidence; (4) the trial court erred in ruling on defense cause challenges; and (5) he was denied effective assistance of trial counsel.  The trial court denied relief on December 20, 2004.  On or about January 17, 2005, Morehead filed a related writ application with the Louisiana First Circuit Court of Appeal.[21]  That application was denied on May 3, 2005.[22]

On August 6, 2005, Morehead filed with the state district court a motion to vacate and set aside an illegal multiple offender adjudication due to the unavailability of the resentencing transcript.  A hearing was held and that motion was denied on November 30, 2005.[23]  On or

---

[18] State Rec., Vol. 7 of 7, No. 2003-KH-1237, writ application to Louisiana Supreme Court delivered to prison officials and postmarked April 15, 2003.

[19] *State ex. rel Michael Morehead v. State*, 2003-KH-1237 (La. 2004), 872 So.2d 1070; State Rec., Vol. 7 of 7.

[20] State Rec., Vol. 1 of 7, Uniform Application for Post-Conviction Relief, affidavit signed and dated by Morehead on December 7, 2004.

[21] State Rec., Vol. 1 of 7, Supplemental application for supervisory writ of review.

[22] *Id.*, *State v. Morehead*, 2005-KW-0290 (La. App. 1st Cir. May 3, 2005) (unpublished writ ruling).

[23] State Rec., Vol. 1 of 7, Motion to vacate; transcript of hearing (November 30, 2005).  A writ application to the Louisiana First Circuit was dismissed at Morehead's request.  *State*

about November 30, 2005, Morehead filed a third post-conviction relief application, styled "Miscarriage of justice post-conviction relief petition."[24] In that application, he raised a claim of ineffective assistance of counsel related to his conviction for possession of a firearm. The district court denied the motion on March 3, 2006. The Louisiana First Circuit Court of Appeal denied his related supervisory writ applications on August 21, 2006.[25] In November and December 2006, he filed related applications for supervisory writs in the Louisiana Supreme Court. Both writ applications were denied by the Louisiana Supreme Court as untimely on August 15, 2007.[26]

On October 2, 2007, Morehead filed a motion to vacate and set aside both convictions and a motion to vacate and set aside the multiple offender sentence in the state district court. The district court denied these motions without stated reasons.[27]

On June 13, 2008, Morehead filed a pleading styled, "Consolidated motions to reopen

---

*v. Morehead*, 2006-KW-0289 (La. App. 1st Cir. Apr. 18, 2006). And a related petition for a writ of mandamus filed in the Louisiana First Circuit Court of Appeal was denied. *State v. Morehead*, 2006-KW-0677 (La. App. 1st Cir. June 13, 2006).

[24] State Rec., Vol. 1 of 7. The file-date stamp incorrectly bears a November 30, 20**06** date that would post-date the district court's ruling denying the motion and the letter sent to Morehead notifying him of the ruling.

[25] *Id.*, *State v. Morehead*, 2006-KW-1211 (La. App. 1st Cir. Aug. 21, 2006) (unpublished writ ruling); *State v. Morehead*, 2006-KW-1367 (La. App. 1st Cir. Aug. 21, 2006) (unpublished writ ruling). The State's response acknowledged difficulty in acquiring copies of older Louisiana First Circuit writ applications, but noted that the pleadings accompany the related Louisiana Supreme Court writ applications. *See* State Rec., Vol. 6 of 7.

[26] *State ex rel. Morehead v. State*, 2006-KH-3018 (La. 2007), 961 So.2d 1162; *State ex rel. Morehead v. State*, 2006-KH-2630 (La. 2007), 961 So.2d 1159; *see also* State Rec., Vol. 6 of 7.

[27] State Rec., Vol. 1 of 7 (Rulings entered by handwritten notation on motions).

habitual offender hearing and for out-of-time appeal."[28]  On July 17, 2008, the district court dismissed the motion as meritless. On August 27, 2008, he filed a supervisory writ application with the Louisiana First Circuit Court of Appeal.  That application was denied by the court of appeal on December 19, 2008.[29]  On January 14, 2009, Morehead filed an application for supervisory writs with the Louisiana Supreme Court. While that writ application was pending before the Louisiana Supreme Court, he filed another application for writ of *habeas corpus* in the state district court on or about August 3, 2009.  The district court denied the motion that same date. On August 5, 2009, he filed a related petition for writ of mandamus in the Louisiana First Circuit Court of Appeal.  That application was denied as moot by the Louisiana First Circuit Court of Appeal on September 14, 2009.[30]  Nothing further was filed in connection with his *habeas corpus* application.  The Louisiana Supreme Court denied his writ application – related to the consolidated motion and out of time appeal request – as untimely and procedurally barred on November 6, 2009.[31]

The record reflects that no other pleadings were filed until March 13, 2013, when Morehead filed his fourth and final application for post-conviction relief in the state district court raising a claim of ineffective assistance of counsel, along with a pleading styled,

---

[28] State Rec., Vol. 1 of 7, Consolidated motion bearing file-date stamp of June 13, 2008.

[29] The State supplemented the state court record with a copy of this writ application. State Rec., Vol. 1 of 1 (Supplemental).  *See also*, State Rec., Vol. 1 of 7, *State v. Morehead*, 2008-KW-1869 (La. App. 1st Cir. Dec. 19, 2008) (unpublished writ ruling).

[30] State Rec. Vol. 1 of 7, *State v. Morehead*, 2009-KW-1485 (La. App. 1st Cir. Sep. 14, 2009) (unpublished writ ruling).

[31] *State ex rel. Morehead v. State*, 2009-KH-0269 (La. 2009), 21 So.3d 305; *see also* State Rec., Vol. 6 of 7.

"Exception to time-limitation for post-conviction relief."[32] That application was denied by the district court as untimely on March 28, 2013.[33] His supervisory writ application was denied by the Louisiana First Circuit Court of Appeal as untimely on July 1, 2013.[34] The Louisiana Supreme Court denied his related writ application as untimely on February 28, 2014.[35]

B. *First federal petition*

On or about June 19, 2002, Morehead submitted a federal petition for writ of *habeas corpus* in this Court, challenging his conviction for possession of a firearm by a convicted felon.[36] He raised only one ground for relief, arguing that the evidence was insufficient to support that conviction. The report and recommendation issued in that case noted that the *habeas* petition was limited to Morehead's conviction for being a felon in possession of a firearm and recommended dismissal on the merits of the sole ground raised in the petition. By order issued April 7, 2003, the district judge rejected Morehead's objections, adopted the report and recommendation and dismissed the petition with prejudice. A final judgment was entered on April 8, 2003. The United States Fifth Circuit Court of Appeals denied issuance of a certificate of appealability on August 8, 2003.

C. *Current Federal Petition*

---

[32] State Rec., Vol. 1 of 7, Uniform Application for Post-Conviction Relief, signed and dated by Morehead on March 13, 2013.

[33] State Rec., Vol. 1 of 7.

[34] *Id.*, *State v. Morehead*, 2013-KW-0743 (La. App. 1st Cir. Jul. 1, 2013) (unpublished writ ruling).

[35] *State ex rel. Morehead v. State*, 2013-KH-1848 (La. 2014), 134 So.3d 1169; see also State Rec., Vol. 6 of 7.

[36] *Morehead v. Miller*, Civ. Action No. 02-2314 "A"(5).

On June 10, 2014, Morehead filed his federal petition for writ of *habeas corpus* with this Court, purportedly challenging both convictions and raising two claims: (1) the state courts erred in denying his application for post-conviction relief as a repetitive or untimely writ; and (2) he was denied effective assistance of counsel at initial review collateral proceedings, which established cause for his procedural default of his claim of ineffective assistance of trial counsel.[37]

The State argues that the instant *habeas* petition is successive. Alternatively, the State asserts that Morehead is untimely in bringing his federal *habeas* petition and that the claims are procedurally barred. The Court finds that the petition is successive in part and untimely, and warrants dismissal accordingly. The Court therefore does not reach the State's alternative procedural default argument.

## II. DISCUSSION

As a preliminary matter, the Court finds that Morehead's petition is successive with respect to his conviction and sentence for possession of a firearm by a convicted felon. As previously noted, he filed a prior federal *habeas* petition on June 19, 2002 challenging that same conviction and sentence. The petition was denied on the merits and dismissed with prejudice.

Title 28 U.S.C. §§ 2244(b)(1) and (2) provide for the dismissal of any new or previously

---

[37] The United States Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including *habeas corpus* petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, when submitted to federal courts by prisoners acting *pro se.* Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011), *citing Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998). Morehead's verification in his federal application was signed and dated June 10, 2014.

raised claim presented in a second or successive Section 2254 *habeas corpus* petition. As to what constitutes an impermissible "second or successive" petition under Section 2244, the United States Fifth Circuit has explained:

> Section 2244(b) does not define "second or successive" petition. The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if ... it fails to allege a new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, ... the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition.

*In re Gasery*, 116 F.3d 1051, 1052 (5th Cir.1997) (citation omitted). Under the AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). An adjudication on the merits is necessary before a subsequent petition is considered "second or successive." *Graham v. Johnson*, 168 F.3d 762 (5th Cir.1999) ("Under current law, however, it is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." (emphasis added)), *cert. denied*, 529 U.S. 1097 (2000).

Guided by these principles, the Fifth Circuit has held that a later-filed petition is prohibited when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d at 235. Here, Morehead received an adjudication on the merits of his claim with respect to his judgment of conviction for possession of a firearm by a convicted felon.

Insofar as it relates to his underlying judgment of conviction for possession of a firearm, Morehead's petition is unquestionably a second or successive petition as defined under Section 2244(b). Before he may bring those claims in this Court, Morehead must obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Morehead has not sought or obtained this authorization. Until such time as he obtains the authorization, this Court is without jurisdiction to proceed. *See Mead v. Cain*, 438 Fed. Appx. 340, 341 (5th Cir.2011) (*citing United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000)); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court finds no circumstances exist to warrant, in the interests of justice, exercising its discretion to transfer a portion of the instant case to the United States Fifth Circuit.[38] 28 U.S.C. § 1631; *In Re Epps*, 127 F.3d 364 (5th Cir.1997). Morehead retains the right to pursue such authorization independently should he so choose.

The Court rejects the State's assertion that the instant petition, concerning the separate attempted armed robbery judgment of conviction, is an unauthorized successive § 2254 petition. *See Magwood v. Patterson*, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010); *Whitlock v. Quarterman*, 06-11066, 2008 WL 3244282 (5th Cir. 2008); *Hardemon v. Quarterman*, 516 F.3d 272, 275-76 (5th Cir. 2008) (*habeas* petition is not successive when it attacks separate

---

[38] The Court notes that in addition to presenting non-cognizable claims in these federal *habeas* proceedings challenging infirmities in the state post-conviction review process, the petition would also be untimely as to his possession of a firearm conviction.

judgments from the same court). Morehead's convictions and sentences for the charges of being a felon in possession of a firearm and attempted armed robbery resulted from separate trials and yielded separate judgments of conviction for purposes of determining the successive nature of his *habeas* petition. Accordingly, the Court recommends dismissal of the petition in part for lack of jurisdiction, insofar as it relates to Morehead's judgment of conviction for possession of a firearm by a convicted felon.

The Court further finds that although Morehead's petition is not successive as to his judgment of conviction for attempted armed robbery, it is time-barred and should be dismissed for that reason. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254, with this one-year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. *See* 28 U.S.C. § 2244(d)(1)(A).[39] Morehead was resentenced as a second felony offender on his conviction for attempted armed robbery on February 4, 2002. His conviction

---

[39] Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here:
(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

became final, for federal limitations purposes, on February 11, 2002, because he did not appeal or seek reconsideration of the sentence.[40] La. C.Cr.P. art. 914; *Butler*, 533 F.3d 314, 317 (5th Cir. 2008). Under a plain reading of the statute, Morehead then had one year within which to file his federal *habeas* petition, or a deadline of February 11, 2003. Morehead did not file his federal *habeas* petition with this Court until June 10, 2014. Thus, his challenge to his attempted armed robbery conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted, as set forth in 28 U.S.C. § 2244(d)(2).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In order for a state application to be considered "properly filed" for purposes of § 2244(d)(2), the delivery and acceptance of the application must be in compliance with the applicable state laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000). A state application is "pending" both while it is before a state court for review and also during the interval after a state court's disposition, while the petitioner is authorized to proceed to review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir.

---

[40] In 2002, Louisiana Code of Criminal Procedure articles 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. La. C.Cr.P. art. 914 (prior to amendment La. Acts 2003, No. 949, § 1 extending the time-period to thirty days). In Louisiana, all Sundays are legal holidays and all Saturdays are, depending on the locality, either holidays or half-holidays. La. R.S. 1:55(A). In 2002, February 9 was a Saturday and February 10 was a Sunday. Therefore, the Court will not count these two days against Morehead when calculating the date his convictions became final.

2001).   Morehead initially allowed about five months to run before he filed his motion to clarify sentence on July 11, 2002. He then filed numerous motions and applications in the state courts over the next seven years ending in 2009. However, as the State contends, he filed no pleadings in the state courts from the time the Louisiana Supreme Court denied his writ application on November 6, 2009, until his final post-conviction relief application on March 13, 2013. By that point in time, however, the one-year federal limitations period had long since expired. It is clear that applications filed in the state courts after the expiration of the federal statute of limitations have no bearing on the timeliness of a federal application. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4 (E.D.La. July 24, 2000), *aff'd*, 253 F.3d 702 (5th Cir.2001); *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [is] nothing to toll." *Butler*, 533 F.3d at 318. Accordingly, Morehead's federal petition was not timely filed and his petition is barred from federal review unless there is a basis for application of equitable tolling of the federal statute of limitations.

Morehead has presented no facts or circumstances warranting the application of equitable tolling, a doctrine that applies in only rare and exceptional circumstances. *In re Campbell*, 750 F.3d 523, 533 (5th Cir.2014). To the extent Morehead may attempt to argue that *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), establish that he is entitled to equitable tolling or excuse his failure to file within the statute of limitations, his argument fails. In *Martinez*, the Supreme Court held that a *state imposed "procedural default* will not bar a federal habeas court from hearing a substantial

claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino*, 133 S.Ct. at 1912 (*quoting Martinez*, 132 S.Ct. at 1320) (internal quotations omitted) (emphasis added). Here, however, Morehead is barred by his failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal *habeas* petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir.2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 140482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13–5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report). Nor does either constitute a new rule of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See In re Paredes*, No. 14–51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n. 6 (5th Cir.2012). Neither *Martinez* nor *Trevino* offer Morehead any equitable or statutory relief from his untimely filing under the AEDPA. For the reasons expressed, Morehead's petition should be dismissed in part as untimely.

## RECOMMENDATION

**IT IS RECOMMENDED** that Petitioner's application for federal *habeas corpus* relief be **DISMISSED** for lack of jurisdiction as it relates to his judgment of conviction for possession of a firearm by a convicted felon and **DISMISSED WITH PREJUDICE** as untimely as it relates to the judgment of conviction for attempted armed robbery.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[41]

New Orleans, Louisiana, this 8th day of May, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[41] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.